# CHARLESTON.

W. H. Scott *et al. v.* City of Wellsburg *et als.*

(No. 6459)

Submitted November 5, 1929. Decided November 19, 1929.

*R. L. Ramsay* and *W. S. Wilkin,* for appellants.
*P. J. McGuire* and *C. K. Jacob,* for appellees.

Litz, Judge:

This suit was instituted by abutting property owners to enjoin the issuance by a municipality of certificates of indebtedness, constituting a charge upon the abutting property, for street improvements after the work had been completed.

A preliminary injunction was awarded upon the original bill of complaint. At the final hearing upon the original and amended bills, answers thereto, and depositions taken and filed in support of the issues, the circuit court, after adjudging that the pleading and proof "do not show any ground for *equity jurisdiction*", dissolved the temporary injunction, and dismissed the original and amended bills, "without prejudice to the right of the plaintiffs or any of them to institute and prosecute any other suit or suits touching the matters involved." From that decree, plaintiffs obtained this appeal.

Although it was the duty of the circuit court, having equity jurisdiction in this class of cases, to determine whether the pleading or proof shows the plaintiffs entitled to equitable relief, we are of opinion, from a reading of the decree, that it has not done so, but that it dissolved the injunction and dismissed the bills of complaint for want of jurisdiction to consider the merits of the pleading or proof. Our ruling results from consideration of the saving clause as well as the language in the decree, that the pleading and proof "do not show any ground for *equity jurisdiction*". Speaking for myself only, however, I am inclined to the view that the decree properly interpreted shows that the circuit court did assume jurisdiction of the cause but was of opinion, after considering the record, that the plaintiffs were not entitled to equitable relief.

The decree of the circuit court is, therefore, reversed and the cause remanded with directions to the circuit court to determine specifically whether the pleading and proof entitle the plaintiffs to equitable relief.

*Reversed and remanded.*